# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2022**

E-Filing Number: 2212033992

**001545**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| FRANK SOWELL | BIDDEFORD BLANKETS, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 823 CORNELL AVE.<br>DREXEL HILL PA 19026 | 13820 W. BUSINESS CENTER DRIVE UNIT A<br>LAKE FOREST IL 60045 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SUZANNE SOWELL | TARGET CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 823 CORNELL AVE.<br>DREXEL HILL PA 19026 | 1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | CORPORATE DOE DEFENDANT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | UNKNOWN<br>UNKOWN PA 11111 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement<br>[X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE

2P – PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>DEC **16** 2022<br>**C. PERRY** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: FRANK SOWELL , SUZANNE SOWELL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL ANTHONY. SABATINA | 1835 MARKET STREET SUITE 2820<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)569-1299 | none entered |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 321587 | msabatina@killinofirm.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL SABATINA | Friday, December 16, 2022, 11:00 am |

FINAL COPY (Approved by the Prothonotary Clerk)

THE KILLINO FIRM, P.C.
BY: MICHAEL A. SABATINA, ESQUIRE
IDENTIFICATION NO. 321587
1835 Market Street
Suite 2820
Philadelphia, PA 19103
(215) 569-1299

JURY TRIAL DEMANDED
ATTORNEY FOR PLAINTIFFS

Filed and Attested by the
Office of Judicial Records
16 DEC 2022 11:00 am
C. PERRY

| | | |
|---|---|---|
| FRANK SOWELL<br>823 Cornell Ave.,<br>Drexel Hill, PA 19026 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION |
| And | : <br> : | |
| SUZANNE SOWELL<br>823 Cornell Ave.,<br>Drexel Hill, PA 19026 | : <br> : <br> : <br> : | NO.: |
| Plaintiffs,<br>vs. | : <br> : <br> : | |
| BIDDEFORD BLANKETS, LLC<br>13820 W. Business Center Drive,<br>Unit A,<br>Lake Forest, IL 60045 | : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| TARGET CORPORATION<br>1000 Nicollet Mall,<br>Minneapolis, MN 55403 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| CORPORATE DOE DEFENDANT<br>Unidentified designer and manufacturer<br>Of component parts for Biddeford<br>Electric Blanket Model No. OBGO4 and<br>Electrical plug Model No. TC16B0 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : <br> : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification. ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENCE ABOGADO O SINO TIENE EL DEINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFCINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

THE KILLINO FIRM, P.C.                  **JURY TRIAL DEMANDED**
BY: MICHAEL A. SABATINA, ESQUIRE     **ATTORNEY FOR PLAINTIFFS**
IDENTIFICATION NO. 321587
1835 Market Street
Suite 2820
Philadelphia, PA   19103
(215) 569-1299

| | | |
|---|---|---|
| **FRANK SOWELL** | : | **COURT OF COMMON PLEAS** |
| **823 Cornell Ave.,** | : | **PHILADELPHIA COUNTY** |
| **Drexel Hill, PA 19026** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| **And** | : | |
| | : | |
| **SUZANNE SOWELL** | : | |
| **823 Cornell Ave.,** | : | **NO.:** |
| **Drexel Hill, PA 19026** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| | : | |
| **BIDDEFORD BLANKETS, LLC** | : | |
| **13820 W. Business Center Drive,** | : | |
| **Unit A,** | : | |
| **Lake Forest, IL 60045** | : | |
| | : | |
| **And** | : | |
| | : | |
| **TARGET CORPORATION** | : | |
| **1000 Nicollet Mall,** | : | |
| **Minneapolis, MN 55403** | : | |
| | : | |
| **And** | : | |
| | : | |
| **CORPORATE DOE DEFENDANT** | : | |
| **Unidentified designer and manufacturer** | : | |
| **Of component parts for Biddeford** | : | |
| **Electric Blanket Model No. OBGO4 and** | : | |
| **Electrical plug Model No. TC16B0** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

1

## CIVIL ACTION COMPLAINT

**AND NOW,** comes Plaintiffs, Frank Sowell and Suzanne Sowell, by and through their undersigned counsel, and complains of Defendants, Biddeford Blankets, LLC ("Defendant Biddeford"), Target Corporation ("Defendant Target"), and an unidentified entity being named under the fictitious designation "Corporate Doe Defendant" ("Doe Defendant"), as follows:

### INTRODUCTION

1.  Over the past twenty years, Defendant Biddeford has faced numerous Consumer Product Safety Commission complaints, product recalls, and consumer injuries from defective electric blankets that it designs and manufactures.

2.  This track record culminated in tragedy when, on December 17, 2020, a defective electric blanket ("the Blanket," as defined *infra*) designed and manufactured by Defendant Biddeford, and sold by Defendant Target, became so overheated and hot to the touch, even though it was set to a low heat setting, that it severely burned Plaintiff Frank Sowell's right foot.

3.  Plaintiff Frank Sowell's severe and permanent burns culminated in several surgeries that led to the removal of all of the toes on his right foot.



2

4.   Frank also suffered a loss of earnings, suffered diminishment of future earning capacity, and experienced pain and suffering, embarrassment and humiliation, loss of ability to enjoy the pleasures of life, and disfigurement; all for which he now brings this action for damages in excess of this Court's jurisdictional limits, as well as costs, interest, and attorney's fees.

## PARTIES, JURISDICTION, and VENUE

### a.  Plaintiffs Frank and Suzanne Sowell

5.   Plaintiff Frank Sowell is an adult citizen of the Commonwealth of Pennsylvania who resides at 823 Cornell Ave., Drexel Hill, PA 19026.

6.   Plaintiff Suzanne Sowell is an adult citizen of the Commonwealth of Pennsylvania who resides at 823 Cornell Ave., Drexel Hill, PA 19026.

7.   At all times material to this action, Frank Sowell and Suzanne Sowell were husband and wife residing with one another at 823 Cornell Ave., Drexel Hill, PA 19026.

### b.  Defendant Biddeford Blankets, LLC

8.   Defendant Biddeford is a limited liability company formed under the laws of Delaware with a principal place of business located at 13820 W. Business Center Drive, Unit A, Lake Forest, IL 60045.

9.   Defendant Biddeford is a designer and manufacturer of various electrically heated products, including but not limited to, electric blankets.

10. Defendant Biddeford markets, distributes, and sells these blankets online directly to consumers, and also through various retail outlets, including but not limited to Defendant Target Corporation.

11. Defendant Biddeford has substantial contacts with, and regularly conducts business in,

3

both Pennsylvania and Philadelphia County.

12. Defendant Biddeford distributes its products to certain retailers, including Defendant Target, for sale in Pennsylvania and Philadelphia County.

13. Defendant Biddeford also directly sells its products to both Pennsylvania and Philadelphia County residents through Defendant Biddeford's website. Specifically, Defendant Biddeford's website features a "Buy Now" button for each product and a entire page entitled "Where to Buy," which links purchasers to distributors of Defendant Biddeford's products.[1]

14. Through these sales channels, Defendant Biddeford realizes the benefit of sales in Pennsylvania and purposefully avails itself in the laws, benefits, and marketplaces of the Commonwealth of Pennsylvania.

15. Defendant Biddeford distributed the king sized micro plush heated electric blanket, with Model No. OBG04 and electric plug Model No. TC16B0, that injured Frank Sowell ("the Blanket") to the Target Corporation store located at 857 Baltimore Pike, Springfield, PA 19064.

16. The Blanket caused severe and permanent injuries to Frank Sowell when it malfunctioned at his home in the Commonwealth of Pennsylvania.

### c. *Defendant Target Corporation*

17. Defendant Target is a publicly traded Minnesota Corporation with a principal place of business located at 1000 Nicollet Mall, Minneapolis, MN 55403.

18. Defendant Target is a retail chain offering home goods, clothing, electronics & more at its numerous retail stores across the United States.

19. Defendant Target markets, distributes, and sells Defendant Biddeford's electric blankets through its online platforms and through its various retail outlets.

---

[1] See https://biddefordblankets.com/where-to-buy/ and, *e.g.*, https://biddefordblankets.com/products/heated-blankets/

4

20. Defendant Target has substantial contacts with, and regularly conducts business in, Pennsylvania and Philadelphia County.

21. Defendant Target maintains a regional office in Pennsylvania.

22. Defendant Target is, upon information and belief, the 15th largest employer in Pennsylvania.[2]

23. Defendant Target operates ten stores in Philadelphia County, and holds no less than ten active business licenses issued by the City of Philadelphia.

24. Defendant Target is the 37th largest employer in Philadelphia County.[3]

25. Defendant Target also maintains a distribution center 20 miles outside of Philadelphia that ships products in and throughout Philadelphia County.

26. Defendant Target realizes the benefit of sales in Pennsylvania and purposefully avails itself in the laws, benefits, and marketplaces of the Commonwealth of Pennsylvania.

27. Defendant Target sold the defective Blanket to Frank and Suzanne Sowell at its store located at 857 Baltimore Pike, Springfield, PA 19064 for $350.55 on November 9, 2020.

28. The Blanket caused severe and permanent injuries to Frank Sowell when it malfunctioned at his home in the Commonwealth of Pennsylvania.

### d. Defendant DOE

29. Defendant DOE is an unidentified designer and manufacturer of component parts for Biddeford King Size Heated Microplush electric blanket, Model No. OBG04, with electric plug, Model No. TC16B0 ("the Blanket"), who, at all times material hereto, designed and manufactured

---

[2] See https://www.abc27.com/pennsylvania/who-are-the-largest-employers-in-pennsylvania/

[3] See https://www.workstats.dli.pa.gov/Documents/Top%2050/Philadelphia_County_Top_50.pdf

5

the defective component part(s) of the Blanket that caused and/or contributed to causing Frank
Sowell's right foot injury.

30. Considering Plaintiffs' inability to identify Defendant Doe, Defendant Doe is currently
being averred under the designations of "Corporate Doe Defendant." Accordingly, the "DOE"
designation is merely a fictitious designation pursuant to Pennsylvania Rule of Civil Procedure
2005, and Defendant DOE will be joined to this action under its actual name within the time frame
set forth under Pa. R.C.P. 2005 after it is identified.

31. Plaintiffs conducted a reasonable search to determine the actual name of Defendant Doe
but were unable to do so.

## FACTUAL BACKGROUND

32. The Consumer Product Safety Commission's National Electronic Injury Surveillance
System estimates that there are 2,253 injuries from electric blankets per year.[4]

33. The Electrical Safety Foundation International estimates that electric blankets also cause
500 home fires per year.[5]

34. However, Defendant Biddeford markets to the general public on its website that it keeps
people both "warm and safe" with the latest innovations in technology.[6]

---

[4] Consumer Product Safety Commission. National Electronic Injury Surveillance System 2002-2021 on NEISS
Online Database, released April, 2022. https://www.cpsc.gov/cgibin/NEISSQuery/home.aspx. on: December 14,
2022.

[5] See https://www.esfi.org/heating-pads-and-electric-blankets-
safety/#:~:text=Heating%20pads%20and%20electric%20blankets%20cause%20almost%20500%20fires%20each.m
ore%20than%20ten%20years%20old.

[6] See https://biddefordblankets.com/technology/

Case ID: 221201545

35. Defendant Biddeford promises and advertises products that "accurately maintain the specific level of warm" its users desire with an "auto shut-off" safety feature to prevent overheating.[7]

36. Thus, Defendant Biddeford essentially represents that it is not possible for the Blanket to malfunction and overheat.

37. These representations mask Defendant Biddeford's history of making dangerous, defective electric blankets.

**A History of Danger**

38. Defendant Biddeford has been making defective and dangerous electric blankets for over twenty years.

39. Despite a 2002 recall of close to 400,000 of these electric blankets due to poor electrical contacts, Defendant Biddeford continued to design, manufacture, and distribute defective electric blankets that were prone to overheating and mechanical failure resulting in burning, melting, igniting, and/or injury.

40. Indeed, consumers have consistently complained to the Consumer Product Safety Commission about Defendant Biddeford's defective electrical blankets.

41. Such complaints included the following claims:

   a. In November of 2014, a Missouri consumer reported incident where his Biddeford electric blanket began to smoke and ignite near his feet. The consumer informed the CPSC that Defendant Biddeford refused to return his calls about the blanket afterwards.

   b. In January of 2015, a Massachusetts consumer noticed that the blanket was sparking all over, despite running on a low heat setting after two hours of use. The consumer was told by a Defendant Biddeford representative that the company had received similar complaints about its blankets.

---

[7] *Id.*

7

c. In March of 2015, a Wisconsin consumer required first aid for injuries after her Biddeford electric blanket developed a hot spot that burned her while she was watching television.

d. In December of 2015, a 13 year-old New Jersey user of Biddeford's Microplush electric blanket woke up screaming with her leg on fire from the blanket.

e. In May of 2016, two California parents awoke to find that their 8 year-old son's Biddeford electric blanket was melting and burning into the comforter and sheets of the bed just inches away from the child's feet while he slept.

f. In April of 2017, in Virginia, a Biddeford Blanket sold by Defendant Target malfunctioned melted overnight.

g. In November of 2018, in California, a Biddeford Blanket's "auto shut-off" function failed and the blanket overheated and melted.

h. In October of 2019, an elderly Texas couple lost their entire three story home to a fire when their Biddeford Electric blanket malfunctioned.

42. Defendant Biddeford was or should have been keenly aware of these complaints as well as the countless others it has received about its electric blankets.

43. Defendant Biddeford knew or should have known of the reoccurring defects with its electric blankets that caused them to overheat or otherwise experience mechanical failure resulting in burning, melting, igniting, and/or injury to the ordinary and foreseeable users of the electric blankets.

44. The defects causing Defendant Biddeford's electric blankets to overheat spanned multiple models of electric blankets.

45. Given the duration, scope, and magnitude of complaints about the dangers posed by Defendant Biddeford's defective electric blankets, Defendant Target was aware or should have been aware of safety concerns and problems with the electric blankets designed, manufactured, and distributed by Defendant Biddeford.

8

46. Defendant Target had previously marketed, sold, and distributed defective Biddeford electric blankets that had malfunctioned and caused physical harm or property damage to consumers, further contributing to its actual or constructive knowledge.

47. Defendants, by designing, manufacturing, distributing, placing the Blanket on the market, and selling the Blanket, as well as all its component parts, made the productive attractive for sale by making express and implicit representations about its safety.

48. This resulted in the continued proliferation and sale of electric blankets that contained dangers of which of which many consumers were unaware.

### The Dangerous, Defective Blanket

49. Defendant Biddeford designed and manufactured the Blanket with control panel that allows users to change the heat settings.

50. Specifically, Defendant Biddeford designed and manufactured the Blanket such that consumers could set the heat to one of twelve different levels, with level one being the least hot, and twelve being the hottest.

51. The Blanket was defective in its electrical wiring, mechanical parts, and construction thereby making the Blanket capable of reaching dangerously hot temperatures capable of burning the skin of the Blanket's users upon contact, **even when set to lower heat settings**.

52. As a result, the Blanket did not perform as safely as Defendant Biddeford represented and an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable unintended way.

53. The possibility of harm posed by the Blanket's design (including the risk of burning users and/or igniting) outweighed the burden or cost of making the product safer, yet Defendant

Case ID: 221201545

Biddeford failed to address, fix, or remedy the chronic design flaws causing its electric Blanket, including the Blanket, to overheat, burn users, and ignite.

54. The Blanket was also defective because Defendants failed to provide adequate warnings for the Blanket.

55. The only warnings affixed to the Blanket's tags state:

- "Do not use with infant, helpless person, or person insensitive to heat."
- "Do not tuck in the wired area or the plug or supply cord."
- "Do not tuck in the wired area of this bedding."
- "Do not dry clean."
- "If improper operation of this bedding is observed, discontinue its use immediately and consult the manufacturer or the dealer regarding its repair."
- "Do not use on pull-out bed or fold-up bed."
- "Do not use pins."

56. The placement of the tag was also inconspicuous on the Blanket.

57. Accordingly, Defendants failed to provide consumers with adequate warnings and instructions about the possible burn, overheating, and ignition dangers posed by the Blanket.

58. Upon information and belief, Defendant DOE designed and manufactured defective component parts to Defendant Biddeford to be used in the manufacture of the Blanket.

59. Upon information and belief, the component parts designed and manufactured by Defendant DOE were incorporated into the Blanket in a manner that was known, knowable, and/or foreseeable to Defendant DOE.

60. Defendant DOE's component parts contributed to the defective, dangerous condition of the Blanket by allowing it to overheat and burn users.

61. Defendant Biddeford distributed the Blanket to Defendant Target, thus placing it in the stream of commerce.

10

62. The Blanket was in defective, dangerous condition, in the aforementioned manner, when it left Defendant Biddeford's possession.

63. Defendant Target marketed and sold the Electric Blanket in the aforementioned condition to Plaintiffs Frank and Suzanne Sowell.

64. Frank and Suzanne Sowell purchased the Blanket at Defendant Target's store located at 857 Baltimore Pike, Springfield, PA 19064 for $350.55 on November 9, 2020.

**Frank's Horrific and Preventable Injuries From The Dangerous, Defective Blanket**

65. The Blanket was not altered or modified in any way, shape, or form, by Frank, Susan, or anyone else after it was purchased from Defendant Target.

66. Frank had, in fact, only used the blanket once before the subject incident, which was on December 15, 2020.

67. On December 16 2020, Frank used the blanket in an intentional and foreseeable way.

68. He set the Blanket's heat level to only 4 out of 12.

69. However, due to the manufacturing defects, design defects, and/or the inadequate warnings by Defendants, as well as the negligence of Defendants, the Blanket reached a dangerous temperature that was capable of burning the skin of the Blanket's users upon contact, even when set to heat level 4 out of 12. In addition, the Blanket's wiring, electric components, and automatic shut-off function all failed to appropriately function.

70. As a result, after nine minutes of use, in the early hours on December 17, 2020, the Blanket burned Frank's right foot.

71. Frank awoke to burning pain and tingling in his feet.

72. He cast the scorching hot blanket aside and saw blistering burns on his right foot.

11





73. These injuries to Frank's right foot were serious and permanent, and ultimately resulted in the amputation of all of the toes on his right foot, all to Frank's great physical and financial detriment, as outlined in further detail hereafter.

Case ID: 221201545

## COUNT I – STRICT PRODUCTS LIABILITY
## PLAINTIFF FRANK SOWELL VS. DEFENDANT BIDDEFORD

74. Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

75. Defendant Biddeford  is and was, at all times material to this action, in the business of designing, manufacturing, distributing, and selling electric blankets, including the Blanket.

76. Defendant Biddeford designed, manufactured, and distributed the Blanket.

77. Defendant Biddeford expected the Blanket to reach consumers without a substantial change in the condition in which it was designed and manufactured.

78. The Blanket reached Frank Sowell without a substantial change in the condition in which it was designed and manufactured.

79. The Blanket was in dangerous, defective condition when it left Defendant Biddeford's possession

80. The Blanket was manufactured defectively and in deviation from Defendant Biddeford's specifications.

81. The Blanket was designed defectively.

82. The Blanket was defective in its electrical wiring, mechanical parts, and construction thereby making the Blanket capable of reaching unreasonably dangerous temperatures capable of burning the skin of the Blanket's users upon contact, even when set to lower heat settings.

83. Defendant Biddeford knew or should have known of the defects in the Blanket and the fact that it was in an unreasonably dangerous condition when it was designed, manufactured, and distributed; yet, Defendant Biddeford continued to market and sell the Blanket.

84. The Blanket's danger of burning intended and foreseeable users was unknowable and/or unacceptable to the ordinary consumer and/or reasonable foreseeable user.

Case ID: 221201545

85. The Blanket's danger of burning intended and foreseeable users was unknowable and/or unacceptable to Frank Sowell.

86. No consumer, Frank Sowell included, would expect a properly designed electric blanket to severely burn through a person's skin when it was set to a low heat setting and used normally and properly.

87. The Blanket did not perform as safely as Defendant Biddeford represented and an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable unintended way.

88. The Blanket lacked necessary elements to make it safe for its intended and/or reasonably foreseeable users.

89. The possibility of harm posed by the Blanket's design (including the risk of burning users and igniting) outweighed the burden or cost of making the product safer, yet Defendant Biddeford failed to address, fix, or remedy the chronic design flaws causing its electric Blanket, including the Blanket, to overheat, burn users, and ignite.

90. At the time of the Blanket's design and/or manufacture, Defendant Biddeford intentionally, recklessly, and/or negligently ignored alternative safer designs that were feasible.

91. The Blanket was also defective because Defendant Biddeford failed to provide adequate warnings for the Blanket. Defendant Biddeford failed to provide consumers with adequate warnings and instructions about the burn, overheating, and ignition dangers posed by the Blanket.

92. At all times material to this action, Frank used the Blanket in a reasonable and/or foreseeable manner.

Case ID: 221201545

93. While using the Blanket in a reasonable and/or foreseeable manner, the Blanket and its aforementioned defects caused Frank to sustain serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

94. As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

95. As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

96. As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant Biddeford Blankets, LLC, Individually and jointly and severally with Defendant Target Corporation and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

### COUNT II – NEGLIGENCE
### PLAINTIFF FRANK SOWELL VS. DEFENDANT BIDDEFORD

97. Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

98. Defendant Biddeford designed, manufactured, distributed, promoted, and sold the Blanket, thus placing it into the stream of commerce.

15

99. In so doing, Defendant Biddeford was under a duty to act reasonably in designing, manufacturing, marketing, distributing, promoting, and selling the Blanket so that it did not present a risk of harm to foreseeable users, including Frank Sowell.

100.   Defendant Biddeford also had a duty to provide adequate warnings and instructions for the Blanket and to use reasonable care to design and manufacture the Blanket in such a way that was not unreasonably dangerous to users, like Frank Sowell.

101.   Defendant Biddeford negligently designed, manufactured, marketed, and distributed the Blanket in such a condition that it was defective and unreasonably dangerous.

102.   Defendant Biddeford knew or should have known that the Blanket was unreasonably dangerous because Defendant Biddeford has had complaints, problems, and recurring defects with its electric blankets where the electric blankets have overheated, ignited, or burned its intended and/or reasonably foreseeable users.

103.   Despite Defendant Biddeford's aforementioned actual or constructive knowledge and duties, Defendant Biddeford breached its duties of reasonable care.

104.   The negligence and carelessness of Defendant Biddeford includes:

   a.   Failing to reasonably manufacture and produce the Blanket so that it complies with Defendant Biddeford's internal specifications;

   b.   Failing to reasonably design, manufacture, select, purchase, and/or assemble components parts such that the component parts of the Blanket will operate safely and as a reasonable consumer would expect;

   c.   Failing to reasonably test and/or perform quality control measures on the Blanket;

   d.   Failing to safely design the Blanket as to prevent it from overheating and/or reaching unreasonably dangerous temperatures capable of burning the skin of the Blanket's users upon contact, even when set to lower heat settings;

   e.   Failing to update or improve the design of the Blanket, even after having notice of complaints, injuries, and defects in other similar electric blankets designed, manufactured, and sold by Biddeford;

16

Case ID: 221201545

f. Knowingly marketing the Blanket despite knowing or reasonably being able to know of the defects in the Blanket and that it was in an unreasonably dangerous condition when it was designed, manufactured, and distributed;

g. Designing, manufacturing, and selling the Blanket with dangers that were unknowable and unacceptable to the average, ordinary consumer and/or reasonable foreseeable user.

h. Failing to include the necessary elements to make the Blanket safe for its intended and/or reasonably foreseeable users;

i. Ignoring alternative safer designs that were feasible;

j. Failing to recall the Blanket and other similarly defective electric blankets designed and/or manufactured by Defendant Biddeford;

k. Failing to provide adequate warnings for the Blanket, which would apprise consumers of the burn, overheating, and ignition dangers posed by the Blanket; and

l. Misrepresenting the safety and quality of the Blanket.

105. The negligence and carelessness of Defendant Biddeford created a reasonably foreseeable risk of the kind of injury sustained by Frank.

106. At all times material to this action, Frank used the Blanket in a reasonable and/or foreseeable manner.

107. As a direct and proximate result of Defendant Biddeford's negligence, Frank sustained serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

108. As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

109. As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and

17

occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

110.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant Biddeford Blankets, LLC, Individually and jointly and severally with Defendant Target Corporation and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

## COUNT III – STRICT PRODUCTS LIABILITY
## PLAINTIFF FRANK SOWELL VS. DEFENDANT TARGET

111.    Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

112.    Defendant Target  is and was, at all times material to this action, in the business of marketing, distributing, and selling consumer products, including Biddeford electric blankets.

113.    Defendant Target marketed, distributed, and sold the Blanket to Plaintiffs Frank and Suzanne Sowell.

114.    Defendant Target expected the Blanket to reach consumers without a substantial change in the condition in which it was designed and manufactured.

115.    The Blanket reached Frank Sowell without a substantial change in the condition in which it was designed and manufactured.

116.    The Blanket was in dangerous, defective condition when it left Defendant Target's possession.

18

117.    Defendant Target marketed, promoted, and sold the Blanket even though it was manufactured defectively and in deviation from Defendant Biddeford's specifications.

118.    Defendant Target marketed, promoted, and sold the Blanket even though it was designed defectively.

119.    The Blanket was defective in its electrical wiring, mechanical parts, and construction thereby making the Blanket capable of reaching unreasonably dangerous temperatures capable of burning the skin of the Blanket's users upon contact, even when set to lower heat settings.

120.    Defendant Target knew or should have known of the defects in the Blanket and the fact that it was in an unreasonably dangerous condition when it was marketed, distributed, and sold; yet, Defendant Target continued to market and sell the Blanket.

121.    In fact, Defendant Target marketed, distributed, and sold the Blanket even though it knew or should have known of the recurring defects with Defendant Biddeford's electric blankets.

122.    The Blanket's danger of burning intended and foreseeable users was unknowable and/or unacceptable to the ordinary consumer and/or reasonable foreseeable user.

123.    The Blanket's danger of burning intended and foreseeable users was unknowable and/or unacceptable to Frank Sowell.

124.    No consumer, Frank Sowell included, would expect a properly designed electric blanket to severely burn through a person's skin when it was set to a low heat setting and used normally and properly.

125.    The Blanket did not perform as safely as Defendant Target represented and an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable unintended way.

Case ID: 221201545

126.    The Blanket lacked necessary elements to make it safe for its intended and/or reasonably foreseeable users.

127.    The possibility of harm posed by the Blanket's design (including the risk of burning users and igniting) outweighed the burden or cost of making the product safer, yet Defendant Biddeford failed to address, fix, or remedy the chronic design flaws causing its electric Blanket, including the Blanket, to overheat, burn users, and ignite. All the while, Defendant Target continued to sell Biddeford Blankets, including the Blanket, to create a market for the dangerous, defective products made by Defendant Biddeford.

128.    At the time of the Blanket's design and/or manufacture, Defendant Biddeford intentionally, recklessly, and/or negligently ignored alternative safer designs that were feasible. All the while, Defendant Target continued to sell Biddeford Blankets, including the Blanket, to create a market for the dangerous, defective products made by Defendant Biddeford.

129.    The Blanket was also defective because Defendant Target failed to provide adequate warnings for the Blanket. Defendant Biddeford failed to provide consumers with adequate warnings and instructions about the burn, overheating, and ignition dangers posed by the Blanket.

130.    At all times material to this action, Frank used the Blanket in a reasonable and/or foreseeable manner.

131.    While using the Blanket in a reasonable and/or foreseeable manner, the Blanket and its aforementioned defects caused Frank to sustain serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

132.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

Case ID: 221201545

133.     As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

134.     As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant Target Corporation, Individually and jointly and severally with Defendant Biddeford Blankets, LLC and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

## COUNT IV – NEGLIGENCE
## PLAINTIFF FRANK SOWELL VS. DEFENDANT TARGET

135.     Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

136.     Defendant Target marketed, distributed, promoted, and sold the Blanket, thus placing it into the stream of commerce.

137.     In so doing, Defendant Target was under a duty to act reasonably in marketing, distributing, promoting, and selling the Blanket so that it did not present a risk of harm to foreseeable users, including Frank Sowell.

138.     Defendant Target also had a duty to provide adequate warnings and instructions for the Blanket and to use reasonable care to market and sell the Blanket in a condition that was not unreasonably dangerous to users, like Frank Sowell.

Case ID: 221201545

139.     Defendant Target negligently marketed, distributed, and promoted the Blanket in such a condition that it was defective and unreasonably dangerous.

140.     Defendant Target knew or should have known that the Blanket was unreasonably dangerous because Defendant Target was aware or should have been aware of the long history of complaints, problems, and recurring defects with its electric blankets where Biddeford electric blankets have overheated, ignited, or burned its intended and/or reasonably foreseeable users.

141.     Despite Defendant Target's aforementioned actual or constructive knowledge and duties, Defendant Target breached its duties of care.

142.     The negligence and carelessness of Defendant Target includes:

a.   Failing to reasonably test and/or perform quality control measures on the Blanket;

b.   Knowingly marketing and selling the Blanket despite knowing or reasonably being able to know of the defects in the Blanket and that it was in an unreasonably dangerous condition when it was designed, manufactured, and distributed;

c.   Marketing, promoting, distributing, and selling the Blanket with dangers that were unknowable and unacceptable to the average, ordinary consumer and/or reasonable foreseeable user.

d.   Failing to include the necessary elements to make the Blanket safe for its intended and/or reasonably foreseeable users;

e.   Failing to provide adequate warnings for the Blanket, which would apprise consumers of the burn, overheating, and ignition dangers posed by the Blanket; and

f.   Misrepresenting the safety and quality of the Blanket.

143.     The negligence and carelessness of Defendant Target created a reasonably foreseeable risk of the kind of injury sustained by Frank.

144.     At all times material to this action, Frank used the Blanket in a reasonable and/or foreseeable manner.

Case ID: 221201545

145.     As a direct and proximate result of Defendant Target's negligence, Frank sustained serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

146.     As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

147.     As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

148.     As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant Target, Individually and jointly and severally with Defendant Biddeford Blankets, LLC Corporation and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

## COUNT V – STRICT PRODUCTS LIABILITY
### PLAINTIFF FRANK SOWELL VS. DEFENDANT DOE

149.     Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

Case ID: 221201545

150.     Defendant DOE  is and was, at all times material to this action, in the business of designing, manufacturing, distributing, and selling  component parts for electric blankets, including the Blanket.

151.     Defendant DOE designed, manufactured, and distributed component part(s) for the Blanket.

152.     Defendant Biddeford assembled the Blanket with Defendant DOE's component parts in a manner reasonably expected by Defendant DOE.

153.     Defendant DOE expected its component parts of the Blanket to reach consumers without a substantial change in the condition in which it was designed and manufactured.

154.     The Blanket reached Frank Sowell without a substantial change in the condition of its component parts.

155.     The Blanket's component parts were in dangerous, defective condition when it left Defendant DOE's possession

156.     The component part was manufactured defectively and in deviation from Defendant DOE and/or Defendant Biddeford's specifications.

157.     The component part was designed defectively.

158.     The Blanket's component part(s) made by Defendant DOE was defective in its electrical wiring, mechanical parts, and construction thereby making the Blanket capable of reaching unreasonably dangerous temperatures capable of burning the skin of the Blanket's users upon contact, even when set to lower heat settings.

159.     Defendant DOE knew or should have known of the defects in its component parts for the Blanket and the fact that it was in an unreasonably dangerous condition when it was

Case ID: 221201545

designed, manufactured, and distributed; yet, Defendant DOE continued to market and sell the component parts of the Blanket to Defendant Biddeford to be assembled into the Blanket.

160.   The Blanket's component part(s)' danger of burning intended and foreseeable users was unknowable and/or unacceptable to the ordinary consumer and/or reasonable foreseeable user.

161.   The Blanket's component part(s)' danger of burning intended and foreseeable users was unknowable and/or unacceptable to Frank Sowell.

162.   No consumer, Frank Sowell included, would expect a properly designed electric blanket, including the component parts thereof, to severely burn through a person's skin when it was set to a low heat setting and used normally and properly.

163.   The component part of the Blanket, as well as the Blanket, as a whole, did not perform as safely as Defendant DOE represented and an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable unintended way.

164.   The Blanket's component parts lacked necessary elements to make it safe for its intended and/or reasonably foreseeable users.

165.   The possibility of harm posed by the Defendant DOE's component part(s)' design (including the risk of burning users and igniting) outweighed the burden or cost of making the product safer, yet Defendant DOE failed to address, fix, or remedy the chronic design flaws causing Biddeford electric blankets assembled with the component part(s), including the Blanket, to overheat, burn users, and ignite.

166.   At the time of the Blanket's component part(s)' design and/or manufacture, Defendant DOE intentionally, recklessly, and/or negligently ignored alternative safer designs that were feasible.

25

167.    The Blanket was also defective because Defendant DOE failed to provide adequate warnings, to be incorporated with the assembled Blanket, about the burn, overheating, and ignition dangers posed by the Blanket's component part(s).

168.    At all times material to this action, Frank used the Blanket in a reasonable and/or foreseeable manner.

169.    While using the Blanket in a reasonable and/or foreseeable manner, the Blanket's component parts and their aforementioned defects caused Frank to sustain serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

170.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

171.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

172.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant DOE, Individually and jointly and severally with Defendant Biddeford Blankets, LLC and Defendant Target Corporation in an amount to exceed the

Case ID: 221201545

jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

## COUNT VI – NEGLIGENCE
## PLAINTIFF FRANK SOWELL VS. DEFENDANT DOE

173.     Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

174.     Defendant DOE designed, manufactured, distributed, promoted, and sold component part(s) of the Blanket, thus placing the Blanket (and all its attendant parts) into the stream of commerce.

175.     In so doing, Defendant DOE was under a duty to act reasonably in designing, manufacturing, marketing, distributing, promoting, and selling the component part(s) of the Blanket so that it did not present a risk of harm to foreseeable users, including Frank Sowell.

176.     Defendant DOE also had a duty to provide adequate warnings and instructions for the Blanket's component parts and to use reasonable care to design and manufacture the Blanket's component part(s) in such a way that is not unreasonably dangerous to users, like Frank Sowell.

177.     Defendant DOE negligently designed, manufactured, and distributed the Blanket's component part(s) in such a condition that it was defective and unreasonably dangerous.

178.     Defendant DOE knew or should have known that its component part(s) for the Blanket was unreasonably dangerous because Defendant Biddeford has had complaints, problems, and recurring defects with its electric blankets (including Defendant DOE's component part(s)) where the electric blankets have overheated, ignited, or burned its intended and/or reasonably foreseeable users.

179.     Despite Defendant DOE's aforementioned actual or constructive knowledge and duties, Defendant DOE breached its duties of care.

Case ID: 221201545

180.   The negligence and carelessness of Defendant DOE includes:

a.  Failing to reasonably manufacture and produce the Blanket's component part(s) so that it complies with Defendant DOE's and/or Defendant Biddeford's internal specifications;

b.  Failing to reasonably test and/or perform quality control measures on the Blanket's component part(s);

c.  Failing to safely design the Blanket's component part(s) as to prevent it from causing the Blanket to overheat and/or reach unreasonably dangerous temperatures capable of burning the skin of the Blanket's users upon contact, even when set to lower heat settings;

d.  Failing to update or improve the design of the component part(s) of the Blanket, even after having notice of complaints, injuries, and defects in other similar electric blankets designed, manufactured, and sold by Biddeford, which include Defendant DOE's component part(s);

e.  Knowingly marketing, promoting, and selling the Blanket's component part(s) despite knowing or reasonably being able to know of the defects in the Blanket resulting from the component part(s) and that the component part(s) was in an unreasonably dangerous condition when it was designed, manufactured, and assembled into the Blanket;

f.  Designing, manufacturing, and selling the component part(s) of the Blanket with dangers that were unknowable and unacceptable to the average, ordinary consumer and/or reasonable foreseeable user;

g.  Failing to include the necessary elements to make the Blanket's component part(s) safe for its intended and/or reasonably foreseeable users;

h.  Ignoring alternative safer designs that were feasible;

i.  Failing to recall the component part(s) used in the Blanket and other similarly defective electric blankets designed and/or manufactured by Defendant Biddeford;

j.  Failing to provide adequate warnings for the Blanket's component part(s), which would apprise consumers of the burn, overheating, and ignition dangers posed by the Blanket; and

k.  Misrepresenting the safety and quality of the Blanket's component part(s).

Case ID: 221201545

181.    The negligence and carelessness of Defendant DOE created a reasonably foreseeable risk of the kind of injury sustained by Frank.

182.    At all times material to this action, Frank used the Blanket, including all of its component part(s), in a reasonable and/or foreseeable manner.

183.    As a direct and proximate result of Defendant DOE's negligence, Frank sustained serious and permanent bodily injuries to his right foot, including severe burns that damages his skin, tissues, tendons, ligaments, nerves, and bones.

184.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) obliged to spend money for medicine and medical treatment and life-care services to manage his above-mentioned injuries.

185.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future be(en) unable to attend to his normal and usual duties and occupations, all to his great financial damages and loss, including but not limited to loss of wages, loss of earning capacity, and loss of household services.

186.    As a direct and proximate result of these aforementioned injuries, Frank has in the past, is presently, and may in the future experience(d) pain and suffering, embarrassment and humiliation, loss of ability to enjoy life's pleasures, and disfigurement.

**WHEREFORE,** Plaintiff Frank Sowell respectfully requests this Honorable Court enter judgment in his favor and against Defendant DOE, Individually and jointly and severally with Biddeford Blankets, LLC and Defendant Target Corporation in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

29

Case ID: 221201545

## COUNT VII – LOSS OF CONSORTIUM
## PLAINTIFF SUZANNE SOWELL VS. DEFENDANT BIDDEFORD

187.    Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

188.    As a direct and proximate result of the Blanket's defects and the carelessness of Defendant Biddeford, as set forth above and incorporated herein, Plaintiff Suzanne Sowell has been deprived of the assistance, support, intimacy, affection, companionship, and comfort of her husband, Frank Sowell, all to her great emotional and financial damage and loss.

**WHEREFORE,** Plaintiff Suzanne Sowell respectfully requests this Honorable Court enter judgment in her favor and against Defendant Biddeford Blankets, LLC, Individually and jointly and severally with Defendant Target Corporation and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

## COUNT VIII – LOSS OF CONSORTIUM
## PLAINTIFF SUZANNE SOWELL VS. DEFENDANT TARGET

189.    Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

190.    As a direct and proximate result of the Blanket's defects and the carelessness of Defendant Target, as set forth above and incorporated herein, Plaintiff Suzanne Sowell has been deprived of the assistance, support, intimacy, affection, companionship, and comfort of her husband, Frank Sowell, all to her great emotional and financial damage and loss.

**WHEREFORE,** Plaintiff Suzanne Sowell respectfully requests this Honorable Court enter judgment in her favor and against Defendant Target Corporation, Individually and jointly and

Case ID: 221201545

severally with Defendant Target Corporation and Defendant DOE in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

**COUNT IX – LOSS OF CONSORTIUM**
**PLAINTIFF SUZANNE SOWELL VS. DEFENDANT DOE**

191.    Plaintiffs hereby incorporate all matters stated elsewhere in this pleading as though fully set forth herein at length pursuant to Pa.R.C.P. 1019(g).

192.    As a direct and proximate result of the Blanket's defects and the carelessness of Defendant Target, as set forth above and incorporated herein, Plaintiff Suzanne Sowell has been deprived of the assistance, support, intimacy, affection, companionship, and comfort of her husband, Frank Sowell, all to her great emotional and financial damage and loss.

**WHEREFORE,** Plaintiff Suzanne Sowell respectfully requests this Honorable Court enter judgment in her favor and against Defendant DOE, Individually and jointly and severally with Defendant Biddeford Blankets, LLC and Defendant Target Corporation in an amount to exceed the jurisdictional Arbitration limit of Fifty Thousand Dollars ($50,000.00), together with interest, costs and any or further relief this Honorable Court may deem just and proper.

**Respectfully submitted,**

**THE KILLINO FIRM, P.C.**

BY:   **/s/ Michael A. Sabatina**
        **MICHAEL A. SABATINA, ESQUIRE**
        *Attorney for Plaintiff*

Case ID: 221201545

## ATTORNEY'S VERIFICATION

I, **MICHAEL A. SABATINA, ESQUIRE,** hereby state that I am the Attorney for Plaintiffs, Frank Sowell and Suzanne Sowell, and that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____/s/ Michael A. Sabatina_____
**MICHAEL A. SABATINA, ESQUIRE**
*Attorney for Plaintiff*

Case ID: 221201545